UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JACOB RAMIE PRATT,<br><br>                         Petitioner,<br>    v.<br>RENEE BAKER, et al.,<br>                         Respondents. | Case No. 3:15-cv-00279-MMD-VPC<br><br>ORDER |

Before the Court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (dkt. no. 5), respondents' motion to dismiss (dkt. no. 9), petitioner's opposition (dkt. no. 13), and respondents' reply (dkt. no. 14). The Court finds that the petition is untimely and that petitioner has not demonstrated actual innocence to excuse the untimeliness.

Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is appealed, then it becomes final when the Supreme Court of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of certiorari expires. *Jimenez v. Quarterman*, 555 U.S. 113, 119-20 (2009). *See also* Sup. Ct. R. 13(1). Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. *Jefferson v. Budge*, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. *Pace v. DiGuglielmo,* 544 U.S. 408, 417 (2005).

Actual innocence can excuse operation of the statute of limitations. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (quoting *Schlup v. Delo*, 515 U.S. 298, 329 (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). "In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." *Id.* at 624.

Petitioner has acknowledged from the outset that this action is untimely. He pleaded guilty in the Second Judicial District Court of the State of Nevada to attempted murder, first-degree kidnaping with the use of a deadly weapon, and robbery with the use of a deadly weapon. The state district court entered its judgment of conviction on November 29, 2005. Exh. 17 (dkt. no. 10). Petitioner appealed, and the Nevada Supreme Court affirmed on June 8, 2007. Exh. 34 (dkt. no. 11). The judgment of conviction became final at the end of September 6, 2007. Petitioner filed nothing in state court in the following year, and the one-year period of 28 U.S.C. § 2244(d)(1) expired at the end of September 6, 2008.

Petitioner filed a post-conviction habeas corpus petition in state district court on August 14, 2014. Exh. 37 (dkt. no. 11). He filed the supplement to that petition before he filed the petition itself, on August 5, 2014. Exh. 36 (dkt. no. 11). The state district court dismissed the petition because it was untimely under Nev. Rev. Stat. § 34.726(1). Exh. 39 (dkt. no. 11). Petitioner appealed. The Nevada Court of Appeals affirmed, noting that petitioner had not made the necessary showing of actual innocence. Exh. 48 (dkt. no. 11). Remittitur issued on April 21, 2015. Exh. 49 (dkt. no. 11).

The state habeas corpus petition did not toll the one-year period of 28 U.S.C. § 2244(d)(2) for two reasons. First, it was untimely, and an untimely petition does not qualify for tolling. *Pace*, 544 U.S. at 417. Second, the one-year period already had expired almost six years earlier, and no time was left to be tolled. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

Petitioner mailed his federal habeas corpus petition to this Court on May 18, 2015, more than six and a half years after the one-year period of 28 U.S.C. § 2244(d)(1) had expired.

Petitioner argues that he should be guilty of second-degree kidnaping with the use of a deadly weapon, and that he is actually innocent of first-degree kidnaping with the use of a deadly weapon. The court of appeals does not appear to have ruled whether a claim that a person should be guilty of a lesser-included offense is truly a claim of actual innocence.

Regardless of the answer to that open question, petitioner cannot demonstrate that he is actually innocent of first-degree kidnaping. The kidnaping statute provides:

> 1. A person who willfully seizes, confines, inveigles, entices, decoys, abducts, conceals, kidnaps or carries away a person by any means whatsoever with the intent to hold or detain, or who holds or detains, the person for ransom, or reward, or for the purpose of committing sexual assault, extortion or <u>robbery</u> upon or from the person, <u>or for the purpose of killing the person or inflicting substantial bodily harm upon the person</u>, or to exact from relatives, friends, or any other person any money or valuable thing for the return or disposition of the kidnapped person, and a person who leads, takes, entices, or carries away or detains any minor with the intent to keep, imprison, or confine the minor from his or her parents,

> guardians, or any other person having lawful custody of the minor, or with the intent to hold the minor to unlawful service, or perpetrate upon the person of the minor any unlawful act is guilty of kidnapping in the first degree which is a category A felony.
>
> 2. A person who willfully and without authority of law seizes, inveigles, takes, carries away or kidnaps another person with the intent to keep the person secretly imprisoned within the State, or for the purpose of conveying the person out of the State without authority of law, or in any manner held to service or detained against the person's will, is guilty of kidnapping in the second degree which is a category B felony.

Nev. Rev. Stat. § 200.310 (emphasis added).

> [T]o sustain convictions for both robbery and kidnapping arising from the same course of conduct, any movement or restraint must stand alone with independent significance from the act of robbery itself, create a risk of danger to the victim substantially exceeding that necessarily present in the crime of robbery, or involve movement, seizure or restraint substantially in excess of that necessary to its completion.

*Mendoza v. State*, 130 P.3d 176, 181 (Nev. 2006). At the sentencing hearing, the prosecutor and the victim explained what happened. Petitioner and his co-defendant, named Celaya, entered the victim's taxi cab. Celaya stabbed the victim. Petitioner and Celaya moved the victim to the back seat, where they robbed her. They then drove around Reno, discussing how they would kill the victim. They stopped at the Lake Street Bridge over the Truckee River. Petitioner told the victim to climb out onto a tree, then he pushed her off the tree. She survived. Exh. 18 at 9-10, 14-15 (dkt. no. 10). Based upon those statements, any rational juror would find that the movement had independent significance from the robbery itself or created a risk of danger to the victim substantially exceeding the risk present in robbery.

Additionally, petitioner alleged in the supplement to his state habeas corpus petition:

> For a kidnapping to be a first degree, it must be a violation of NRS 200.310-1. That is confine and or abduct a person and hold or detain such person <u>for the purpose of committing robbery</u>. . . The robbery took place with the victim sitting in the driver's seat of a vehicle, which was on and operational. The money was under the driver's seat in an envelope (vinyl zip top type) along with the wallet. The cell phone was in the center console. Those are the items I was charged with robbing. The victim was <u>then</u> detained, moved from the driver's seat to the rear of the vehicle. <u>This confinement was to move the victim from the scene of the robbery to a location where it would take some time to call for help.</u>

4

Exh. 36 at 4 (emphasis added to final sentence). Petitioner appears to assume that a kidnapping for the purpose of committing a robbery must occur before the commission of the robbery. He is incorrect. Nothing in NRS § 200.320(1) puts such a temporal constraint on "purpose." Petitioner himself has admitted that he and his co-defendant moved the victim around Reno for the purpose of getting away with their ill-gotten gains. This is a textbook example of a kidnapping for the purpose of committing robbery. Petitioner is not actually innocent of first-degree kidnapping

Furthermore, the statement of the victim shows that petitioner and his co-defendant were discussing how to kill the victim while they were driving her around Reno. A kidnapping for the purpose of killing a person or inflicting substantial bodily harm upon a person is a first-degree kidnapping. Petitioner likely would argue that the information did not charge him with that purpose of kidnapping. That argument is irrelevant for the purpose of the actual-innocence analysis. Actual innocence requires factual innocence, not legal insufficiency. Petitioner would argue nothing more than that the information was legally insufficient, and that insufficiency easily could have been corrected by an amendment as the trial approached.

Petitioner next argues that he is actually innocent of attempted murder. As noted above, the victim stated that petitioner made her climb out onto a tree next to the Lake Street Bridge over the Truckee River. Petitioner then pushed her off the tree. Petitioner states that he actually argued with Celaya against killing the victim, that he told the victim to climb down a tree to look as if she had been pushed over the edge of the bridge, but a branch broke and she fell.

This argument has two problems. First, this evidence would have needed to come from petitioner's own testimony at trial. Would petitioner actually have testified? It is difficult to determine. Petitioner was not facing charges only in the case at issue now. Petitioner also was being prosecuted in two separate cases for two attempts at purse snatching in casinos. The Court does not know what the actual charges were, but they were dropped in exchange for his guilty plea. Exh. 18 at 14 (dkt. no. 10). If those

charges were felonies, and if he was convicted of them before a trial in the case at issue, and if he testified, then he would have been confronted with those felonies on cross-examination. Also, counsel would have considered the possibility that petitioner might not have been a good witness, who would have ended up incriminating himself while he thought he was defending himself. After all, as noted above, petitioner has admitted to facts amounting to first-degree kidnaping when he thought that he was arguing that he was innocent of first-degree kidnaping.

Second, even if petitioner testified, he has presented only a competing narrative, not conclusive evidence that the victim's recollection was false. The jury would need to decide whom to believe. In these circumstances, the Court cannot hold that it was more likely than not that no reasonable juror would find petitioner not guilty beyond a reasonable doubt.

Petitioner has not persuaded the Court that he has met the actual-innocence standard for excusing the operation of the one-year period of 28 U.S.C. § 2244(d)(1). The Court will dismiss this action as untimely.

Reasonable jurists might find the Court's conclusions to be debatable, and the Court will issue a certificate of appealability.

Respondents also argue in the motion to dismiss that petitioner has not exhausted his available state-court remedies for parts of all four grounds in the petition. The Court will not address this argument because the Court is dismissing the action as untimely.

Respondents finally argue in the motion to dismiss that all four grounds are conclusory, patently frivolous, or false. The Court will not address this argument because the Court is dismissing the action as untimely.

The Court denies petitioner's motion for appointment of counsel (dkt. no. 7) because the Court is dismissing this action.

///

///

Petitioner has filed a supplement (dkt. no. 15) to his opposition (dkt. no. 13) that is not authorized by Local Rule LR 7-2. Respondents have filed a motion to strike (dkt. no. 16), which the Court grants.

However, out of an abundance of caution, the Court will address petitioner's argument in the supplement (dkt. no. 15). Petitioner argues that the Court should excuse a procedural default based upon *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). In *Martinez*, the Court held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id.* at 1320 (emphasis added). The distinction between procedural default and untimeliness is important. A claim is procedurally defaulted in federal court if the decision of the state court regarding that claim rested on a state-law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). In petitioner's case, procedural default is not the issue currently before the Court. The Court has not determined that it cannot reach the merits of petitioner's claims due to state-court applications of state law. Rather, the Court has determined that the federal habeas corpus petition is untimely because of application of federal law, 28 U.S.C. § 2244(d). In fact, the federal period of limitations expired long before petitioner filed his state habeas corpus petition and long before the state courts determined that the state petition was procedurally barred. *Martinez* is inapplicable to petitioner's situation.

It is therefore ordered that petitioner's motion for appointment of counsel (dkt. no. 7) is denied.

It is further ordered that respondents' motion to strike (dkt. no. 16) is granted. The Clerk of the Court shall strike petitioner's supplement (dkt. no. 15).

///

///

It is further ordered that respondents' motion to dismiss (dkt. no. 9) is granted. This action is dismissed with prejudice as untimely. The Clerk of the Court will enter judgment accordingly and close this action.

It is further ordered that a certificate of appealability is granted for the issue of whether petitioner had shown actual innocence to excuse the operation of the statute of limitations.

DATED THIS 15th day of March 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE